IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-00516-MSK-MJW

DAVID S. TRASK;
SUZANNE S. TRASK;
MANDY M. RASMUSSEN;
DANIEL C. DONEGON;
BEVERLI J. DONEGON;
DENNIS CAMPBELL;
ROXANNE CAMPBELL;
ALLISON ANNE MASON; and
FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation,

Plaintiffs,

v.

BANK OF CHOICE, a Colorado corporation;
NFBOC NOTE, LLC, a Colorado limited liability company;
FIRSTIER BANK, a Colorado corporation;
NORTHFLATS, LLC, a Colorado limited liability company;
DEBORAH A. MORGAN,
in her capacity as the Public Trustee of Larimer County, Colorado;
FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for Defendant, FirsTier Bank,

Defendants.

---

**ORDER REGARDING**
**(1) [DEFENDANT FDIC'S] MOTION TO SUBSTITUTE FDIC AS RECEIVER FOR DEFENDANT FIRSTIER BANK AND REQUEST FOR 90 DAY STAY OF PROCEEDINGS UNDER 12 U.S.C. §1821(d)(12)(DOCKET NO. 9);**

**(2) [DEFENDANT] FDIC-R'S MOTION FOR STAY OF PROCEEDINGS PENDING ADMINISTRATIVE CLAIMS REVIEW PROCESS (DOCKET NO. 49);**

**(3) DEFENDANT FDIC-R AND NFBOC NOTE, LLC'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO THE AMENDED COMPLAINT, TO SUBMIT RULE 26 DISCLOSURES AND TO VACATE/RESET THE MAY 25TH SCHEDULING CONFERENCE (DOCKET NO. 48);**

**and**

**(4) NFBOC'S JOINDER IN MOTION FOR STAY OF PROCEEDINGS PENDING ADMINISTRATIVE CLAIMS REVIEW (DOCKET NO. 55)**

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on (1) [Defendant FDIC's] Motion to Substitute FDIC as Receiver for Defendant FirsTier Bank and Request for 90 Day Stay of Proceedings Under 12 U.S.C. § 1821(d)(12) (docket no. 9); (2) [Defendant] FDIC-R's Motion for Stay of Proceedings Pending Administrative Claims Review Process (docket no. 49); (3) Defendant FDIC-R and NFBOC Note LLC's Motion for Enlargement of Time to Respond to the Amended Complaint, to Submit Rule 26 Disclosures and to Vacate/Reset the May 25th Scheduling Conference (docket no. 48); and (4) NFBOC'S Joinder in Motion for Stay of Proceedings Pending Administrative Claims Review Process (Docket No. 55).  The court has reviewed these four subject motions (docket nos. 9, 49, 48, and 55), the responses thereto, and the replies.  In addition, the court has taken judical notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law and Order.

The court finds that I have jurisdiction over the subject matter and over the parties to this lawsuit and that venue is proper in the state and District of Colorado.  I also find that each party has been given a fair and adequate opportunity to be heard on the subject motions.

The court further finds that Plaintiffs initially filed this lawsuit in the Larimer County District Court in the state of Colorado under case no. 09-cv-1175 on

November 16, 2009.  On January 28, 2011, Defendant FirsTier Bank was declared insolvent by the Colorado Division of Banking, which appointed the FDIC as the Receiver.  On February 9, 2011, the FDIC-R moved to substitute itself as the real party in interest for FirsTier Bank.  See docket no. 9.  On March 3, 2011, the FDIC-R removed the case to federal court.

The court further finds that on March 23, 2011, the FDIC-R gave statutory notice to the Plaintiffs in this case of the mandatory procedures for asserting a claim against the receivership, stating that all claims must be submitted to the FDIC-R by May 5, 2011.  On May 4, 2011, Plaintiff First American filed an administrative claim with the FDIC-R.  The remaining Plaintiffs in this case failed to file claims with the FDIC-R by the claims bar date.  The FDIC-R now seeks a stay of this action during the pendency of its consideration of First American's administrative claim.

## ORDER

It is hereby **ORDERED** that the Motion to Substitute FDIC as Receiver for Defendant FirsTier Bank and Request for 90 Day Stay of Proceedings Under 12 U.S.C. § 1821(d)(12) (docket no. 9) is **GRANTED** for those reasons as outlined in this motion (docket no. 9).

It is **FURTHER ORDERED** that the FDIC is substituted as Receiver for Defendant FirsTier Bank pursuant to Fed. R. Civ. P. 25(c) and 12 U.S.C. § 1821(d)(12) and is the real party in interest.  The caption of this case shall be amended consistent with this Order.

It is **FURTHER ORDERED** that the [Defendant] FDIC-R's Motion for Stay of

4

Proceedings Pending Administrative Claims Review Process (docket no. 49) and NFBOC's Joinder in Motion for Stay of Proceedings Pending Administrative Claims Review Process (Docket No. 55) are **GRANTED** consistent with 12 U.S.C. § 1821(d)(5)(A)(i), noting that the administrative claim by Plaintiff First American was filed with the FDIC-R on May 4, 2011.  Accordingly, the FDIC-R shall have 180 days from May 4, 2011, which is the date that Plaintiff First American filed its administrative claim with the FDIC-R, to determine whether to allow or disallow the claim.

It is **FURTHER ORDERED** that this case is **STAYED** for 180 days from May 4, 2011, the date that Plaintiff First American filed its administrative claim, or upon denial or allowance of Plaintiff First American's administrative claim by the FDIC-R, whichever occurs first.

It is **FURTHER ORDERED** that the Rule 16 Scheduling Conference set before Magistrate Judge Watanabe on May 25, 2011, at 1:30 p.m. is **VACATED**.

It is **FURTHER ORDERED** that the parties shall file a joint written status report on the first day of each month beginning on June 1, 2011, updating the court on the status of the denial or allowance of Plaintiff First American's administrative claim.

It is **FURTHER ORDERED** that Defendant FDIC-R and NFBOC Note LLC's Motion for Enlargement of Time to Respond to the Amended Complaint, to Submit Rule 26 Disclosures and to Vacate/Reset the May 25th Scheduling Conference (docket no. 48) is **GRANTED** for the reasons stated in the body of this Order and for good cause shown.  Moreover, the court will not set a date certain at this point in the litigation for the Defendant FDIC-R and NFBOC Note LLC to respond to the Amended Complaint or to

5

serve Rule 26(a)(1) disclosures.  However, this court will, in the future, set a date certain for the FDIC-R and NFBOC Note LLC to respond to the Amended Complaint after the expiration of the 180 day statutory stay period from May 4, 2011, or upon notice of denial or allowance of Plaintiff First American's administrative claim, whichever date is sooner.

Done this 23rd day of May, 2011.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge